IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | |
|---|---|
| RUTH GRAY, INDIVIDUALLY and as PERSONAL REPRESENTATIVE and SPECIAL ADMINISTRATOR OF THE ESTATE OF STEPHEN GRAY, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 6:20-CV-1037-DDC-GEB ) |
| CONNER INDUSTRIES, INC., | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

COMES NOW, the Plaintiff, and respectfully requests that the Court compel Defendant Conner Industries, Inc. to produce unredacted copies of items 1-8, and 12 on Defendant's supplemental privilege log.[1] After the conferences held in front of the Court on November 24, 2020, and December 9, 2020, the Court is aware of the parties' unsuccessful attempts to meet and confer regarding this matter. In support of this Motion, the following is asserted:

**FACTS AND INTRODUCTION**

Stephen Gray died at Defendant's facility in Valley Center, Kansas on March 7, 2019. Defendant reported this death to Travelers insurance the same day.[2] Travelers hired Defense counsel a day later and instructed them to "contact insured and visit the site in order to document the scene and interview insured."[3] Defense counsel was "retained to conduct the initial inspection."[4] Presumably, Defense counsel complied with the instructions and prepared two memorandums for Travelers a few days later.[5] It appears a

---

[1] The Court had limited this motion to 5 pages, so Plaintiff is not able to elaborate and explain as fully as Plaintiff would like. Consequently, Plaintiff requests that the Court not deem any argument waived by failing to adequately brief it herein.
[2] *See* Redacted Claim Notes bates stamped DEFT 1089-1108 (attached as Exhibit 1), DEFT 1107.
[3] Exhibit 1, DEFT1104-1105.
[4] *Id*. at DEFT 1097; *See also* Defendant's Second Supplemental Response to Plaintiff's Request for Production (attached at Exhibit 2), p. 2 ("Conner's insurance company immediately engaged outside legal counsel to handle and direct the investigation and management of any claim related to the accident.").
[5] *Id*. at DEFT 1104.

1

chronology of facts was also prepared.[6] More emails were exchanged between Defense counsel and Travelers relaying the results of the investigation in the weeks and months following Mr. Gray's death.[7]

On March 20, 2019, Plaintiff's counsel sent an email to John Woolf advising that Plaintiff was "still fact-finding and waiting on reports." On August 30, 2019, a joint inspection of the premises was conducted so that the potential claim could be evaluated.[8] As of December 5, 2019, Travelers still did not know whether any allegation of negligence would be made by Plaintiff.[9] On December 9, 2019, Plaintiff made a demand on Defendant and asserted claims of negligence for the first time.

Plaintiff served written discovery on Defendant on May 19, 2020 (Doc. 17). Defendant served its responses on July 9, 2020 (Doc. 20). Despite asserting privilege objections in response to Plaintiff's request numbered 32, no privilege log was produced until August 21, 2020 (Doc. 30). No privilege log identifying the Claims Notes file, or any redactions made to it was produced until December 8, 2020 in response to the Court's order (Docs. 54 and 58).

## ARGUMENTS AND AUTHORITIES

The work product doctrine only protects documents "prepared in anticipation of litigation."[10] It is Defendant's burden to prove the doctrine applies.[11] "Anticipation of litigation" requires a "real and imminent threat or litigation" at the time the documents were created.[12] "*The inchoate possibility, or even likely chance of litigation, does not give rise to work product*."[13]

As for claims files, the existence of work product "depends on whether the party seeking protection can point to a definite shift made by the insurer or adjuster from acting in its ordinary course of business to acting in anticipation of litigation."[14] Retaining counsel is not enough to invoke the work product doctrine.[15]

---

[6] *Id.* at 1102-03 (claims note has subject of "chronology" but it is entirely redacted).
[7] Exhibit 1, generally (many of the redactions carry the "topic" of "investigation").
[8] *Id.* at 1092.
[9] *Id.* at 1091; *see also* DEFT 1094 (noting that Plaintiff has "not presented any allegation of negligence from the standpoint of our insured").
[10] Fed. R. Civ. P. 26(b)(3)(A).
[11] *Disidore v. Mail Contractors of Am., Inc.,* 196 F.R.D. 410, 413, 2000 WL 1375261 (D. Kan. 2000).
[12] *U.S. Fire Ins. Co. v. Bunge North Amer., Inc.*, 247 F.R.D. 656, 657 (D. Kan. 2007).
[13] *Ledgin v. Blue Cross & Blue Shield*, 166 F.R.D. 496, 498 (D. Kan. 1996) (emphasis added).
[14] *U.S. Fire Ins.*, 247 F.R.D. at 659.
[15] *Quality Time, Inc. v. West Bend Mut. Ins. Co.*, No. 12-1008-JTM-GLR, 2012 WL 5499555 at *7 (D. Kan. 2012).

"It is the very nature of an insurer's business to investigate and evaluate the claims of its insured," and even documents created *during litigation* are not necessarily created in anticipation of litigation.[16] Before a final decision is made as to a claim, a presumption exists that "neither attorney work product nor attorney-client privilege protects an insurer's investigatory file on an insured's claim."[17]  "A key inquiry is whether the documents would have been created regardless of whether litigation was in the offing."[18] Further, even if work product arguably protects a document, the facts contained within the work product are not protected.[19]

As for the attorney client privilege, Kan. Stat. Ann. § 60-426 applies.[20]  The party asserting the privilege bears the burden.[21]  The privilege only protects communications between lawyer and client made in confidence for the purpose or seeking or giving legal advice.[22]  The privilege does not protect the underlying facts to any privileged communication.[23]

When asserting a claim of privilege, a party must (1) expressly make the claim; and (2) describe what is withheld "in a manner that … will enable other parties to assess the claim."[24]  Failure to adequately describe what is withheld can waive any asserted privilege.[25]  An excessive or unreasonable delay in providing a privilege log can also waive an asserted privilege.[26]

### A. Defendant Has Not Demonstrated That Privilege Applies.

In this case, Defendant has withheld items numbered 1-12 from its response to Plaintiff's request for production of the claims file.  Plaintiff asks the Court to order the production of items numbered 1-8, and 12.

<u>Items 1, 2, and 5-7</u>. Items 1, 2 and 5-7 are labeled "E-mail from Defense Counsel.".  On Exhibit 3

---

[16] *Allendale Mut. Ins. Co. v. Bull Data Sys.*, 152 F.R.D. 132, 136 (N.D. Ill. 1993).
[17] *Marten v. Yellow Freight Sys., Inc.*, No. CIV. A. 96-2013-GTV, at *10 (D. Kan. Jan. 6, 1998).
[18] *Lindley v. Life Inv'rs Ins. Co. of Amer.*, 267 F.R.D. 382, 394 (N.D. Okla. 2010), *aff'd in part as modified*, No. 08-CV-0379-CVE-PJC, 2010 WL 1741407 (N.D. Okla. Apr. 28, 2010).
[19] *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995).
[20] *Lawson v. Spirit AeroSystems, Inc.*, 410 F. Supp. 3d 1195, 1204-05 (D. Kan. 2019).
[21] *Id*. at 1205.
[22] *Id*.
[23] *Id*. at 1212.
[24] Fed. R. Civ. P. 26(b)(5)(A).
[25] *White v. Graceland College Ctr. For Prof'l Development & Lifelong Learning, Inc.*, 586 F.Supp.2d 1250, 1266 (D. Kan. 2008).
[26] *Id*.

3

(Defendant's supplemental privilege log), a blanket statement is made that these emails are subject to work product, and attorney client privilege. However, no showing is made as to *why* these emails constitute communication for the purpose of giving or receiving legal advice, or that they were made in anticipation of litigation. Moreover, the emails have been withheld in full, rather than in a redacted fashion disclosing the factual matters asserted therein.

Items 3 and 4. Items 3 and 4 are two memorandums prepared by defense counsel—one regarding the site inspection shortly after the incident, and the other regarding the findings from the initial incident investigation. Again, there is nothing more than a blanket assertion that privilege applies, and the documents has been withheld in full rather than in redacted fashion.

Item 8. Item 8 is an initial claim file analysis dated June 10, 2019. It involves neither defense counsel nor Defendant. Yet more blanket statements are made that attorney client privilege and work product apply. This item demonstrates that the assertion of attorney client privilege on the privilege log is being made in a boiler plate fashion without regard to its true applicability—there can be no argument that attorney-client privilege applies to analysis conducted solely by an insurance adjuster that is not even a communication in the first place.

Item 12. Item 12 is the Claims Notes file attached as Exhibit 1. The privilege log states that it is redacted in part and makes more blanket assertions of attorney client privilege and work product. But no explanation is given for any of the redactions.

For the foregoing reasons, Plaintiff submits that none of these items are subject to any privilege and that Defendant has certainly not met its burden to prove the privilege's existence. These documents would have been created as Travelers evaluated the potential claim whether Plaintiff or Travelers hired counsel or pursued a claim at all. The instruction given to Defense counsel and Defendant's admission that they were hired to investigate shows this is true. But even if a privilege does apply to any of these items, Plaintiff submits that the privilege has been waived. This is for two reasons: (1) Defendant has failed to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii); and (2) the privilege log was not produced until after an

4

unreasonable and excessive delay. Both reasons, alone, are enough to waive the privilege.[27] It has been more than 5 months since Defendant initially claimed privilege relating to these matters, and while preparing a privilege log and a supplement in line with the Court's order, it has *still* failed to give Plaintiff the information needed to evaluate the claimed privilege. This delay is excessive and unreasonable, and Defendant has not complied with the rules of civil procedure despite being given multiple opportunities to do so.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order to Compel Defendant to produce the foregoing items.

Respectfully submitted,

By: /s/ Jeffrey A. Wilson
Dustin L. DeVaughn, #16559
Jeffrey A. Wilson, #26527
DEVAUGHN JAMES INJURY LAWYERS
3241 Toben St.
Wichita, KS  67226
Telephone:    (316) 977-9999
Facsimile:    (316) 425-0414
ddevaughn@devaughnjames.com
jeffwilson@devaughnjames.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2020, the above and foregoing was submitted to Counsel via email transmission, and also filed with the Court using the EM/ECF NextGen system, and e-notification will be sent to all counsel of record.

By: /s/ Jeffrey A. Wilson
Dustin L. DeVaughn, #16559
Jeffrey A. Wilson, #26527
DEVAUGHN JAMES INJURY LAWYERS
3241 Toben St.
Wichita, KS  67226
Telephone:    (316) 977-9999
Facsimile:    (316) 425-0414
ddevaughn@devaughnjames.com
jeffwilson@devaughnjames.com
*Attorneys for Plaintiff*

---

[27] *White*, 586 F.Supp.2d at 1266.

5