IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RUTH GRAY, Individually and as Personal Representative and Special Administrator of the Estate of Stephen Gray,<br><br>Plaintiff,<br><br>vs.<br><br>CONNER INDUSTRIES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 20-1037-TC-GEB<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Quash and for Protective Order as to Plaintiff's Amended Notice to Take Video 30(b)(6) Corporate Deposition (**ECF No. 106**). For the reasons set forth below, Defendant's motion is **GRANTED IN PART and DENIED IN PART**.

**I.    Background[1]**

Plaintiff Ruth Gray filed this action in February 2020 to seek damages for the wrongful death of her husband, Stephen Gray. Defendant Conner Industries, Inc. operates a wood products business in Valley Center, Kansas. One byproduct of Defendant's operations is sawdust, and said sawdust is stored in a bin outside Defendant's facility. Mr.

---

[1] Unless otherwise indicated, the information recited is taken from the parties' pleadings (Pls.' Compl., ECF No. 1; Def.'s Answer, ECF No. 7), the parties' Planning Report (maintained in chambers file), and the briefing regarding the instant motion (ECF Nos. 106, 107, 110, 113). This background information should not be construed as judicial findings or factual determinations.

1

Gray would periodically obtain sawdust from Defendant's Valley Center facility, and on one such occasion in March 2019, Mr. Gray died when he somehow became trapped under sawdust inside the trailer he was using to collect the dust, under the discharge chute at the bottom of the sawdust bin.

Plaintiff then filed this wrongful death action, citing diversity jurisdiction under 28 U.S.C. § 1332. She claims Defendant is liable for the wrongful death of her husband due to its negligence, and also claims punitive damages for Defendant's gross negligence and reckless disregard, which caused her husband's conscious pain and suffering. Defendant denies liability, asserts the comparative fault of Mr. Gray (ECF No. 21), and denies the damages Plaintiff asserts are casually related or of the nature and extent alleged.

A Scheduling Order was entered in June 2020 (ECF No. 16), but it was later amended to a phased discovery plan. (*See* Phase II Order, ECF No. 42.) In Phase II discovery, written discovery and deposition of fact witnesses occurred. A Phase III Scheduling Order was set in January 2021, addressing all remaining deadlines, including mediation, expert discovery, and other pretrial deadlines. (ECF No. 73.) The parties sought to jointly amend the schedule in August 2021 (ECF No. 117) and again recently (ECF No. 126). All discovery is now set to close February 18, 2022.

## II.     Defendant's Motion to Quash and for Protective Order (ECF No. 106)

Plaintiff initially noticed the deposition of Defendant's Fed. R. Civ. P. 30(b)(6) representative to occur on June 29, 2021 (ECF No. 101) and later amended the notice (ECF No. 105) after the parties' conferral efforts. Defendant still opposed aspects of the notice, and filed its Motion to quash, protect, and limit the scope of topics contained in Plaintiff's

2

Amended Notice (Motion, ECF No. 106).  However, mediation was set to occur after Defendant's notice, and the Court postponed consideration of the motion. Mediation was unsuccessful.

As required by D. Kan. Rule 37.2, it appears as noted in the briefing the parties have conferred on multiple occasions regarding the deposition topics at issue.  Therefore, the Court finds the parties have largely complied with D. Kan. Rule 37.2 and addresses the motion on its merits.

## A. Parties' Positions

### 1. Defendant's Contentions

Defendant contends although it has 14 different business locations throughout the United States, the Valley Center location where Mr. Gray's accident occurred is the only location with a sawdust bin of the type involved in the subject accident. (ECF No. 107 at 4; ECF No. 113 at 2.) It argues Plaintiff's Rule 30(b)(6) deposition notice is overbroad or inappropriate for four primary reasons.

First, Defendants contend the temporal limits of topics 10-15, 22, 26-27, 30-32, 34-36, 38, 40-41, and 46-52 should be confined to the date defendant Conner acquired the Valley Center, Kansas business, through the date of the accident. Defendant acquired the business operations at the Valley Center location on July 29, 2016, and the accident occurred on March 7, 2019. Defendant therefore contends any information prior to it obtaining the business lacks relevance, and any information after the accident is irrelevant to determining whether Defendant was negligent at the time of the accident. (ECF No. 107 at 7.)

3

Additionally, Defendant argues Plaintiff's deposition topics 1 through 9 and 58-64, as well as portions of topic 20, inappropriately seek "discovery-on-discovery" or "meta-discovery" information. (ECF No. 107 at 10.) Defendant contends there is no factual basis to support Plaintiff's broad inquiry as to how Defendant conducted discovery, and even if there were such a basis, Plaintiff did not narrowly tailor the inquiry to address any specific concern regarding Defendant's discovery responses in this case. (*Id.* at 14.)

Defendant's third dispute involves Plaintiff's desire to seek information about Defendant's financial condition for the past five years. Defendant maintains such discovery should be bifurcated until either a jury determines liability for the claim, or the request for punitive damages survives summary judgment. Defendant argues other courts in the District of Kansas have routinely postponed discovery of such financial information, and Defendant plans to pursue summary judgment to dispose of the punitive damages claim. (*Id.* at 17.)

Finally, Defendant contends Topic 25 lacks particularity and is overly broad, irrelevant, and disproportionate on its face. This topic seeks information on "Defendant's beliefs and opinions as to safety rules that govern, should govern, or may govern its operations." (*Id.* at 17.) Because the topic does not specify which "operations" it references, Defendant contends it encompasses many aspects of Defendant's business which have no bearing on the sawdust bin and sawdust loading involved in the subject accident.

Defendant does not seek to quash the deposition of its corporate representative in its entirety; it asks the Court to limit the scope of Plaintiff's inquiry.

4

### 2. Plaintiff's Response

Plaintiff argues Defendant's operations also include dust collection devices which qualify as "permit required confined spaces" in both its Valley Center, Kansas and Conroe, Texas locations. Plaintiff maintains discovery showed Defendant was cited for a violation of the regulations governing permit required confined spaces on September 9, 2016 at its Stillwell, Oklahoma facility. (*Id.* at 2.) Therefore, Plaintiff reasons the same type of equipment either is or has been present at other facilities.

She also contends because she is bringing both a wrongful death claim and a survival action, where punitive damages are permitted, discovery into Defendant's conduct after the accident is justified. She maintains Defendant has not met its burden to demonstrate such post-incident discovery, or discovery for the past 10 years, is irrelevant, overly broad, or unduly burdensome.

Plaintiff also takes issue with Defendant's protracted production of correspondence she sought from Defendant in her first request for production of documents in May 2020. (*Id.* at 2-3.) Defendant initially responded in July 2020 it had no other correspondence aside from that produced with its Rule 26 Initial Disclosures. (*Id.* at 2.) However, later depositions led to production of both email and text messages. (*Id.* at 3.) After realizing no emails or text messages were previously produced, Plaintiff served a third request for production on February 8, 2021, and asked certain deponents to bring emails with them to their depositions. (*Id.*; *see* ECF Nos. 89, 91, 92.) In March 2021, Defendant produced text messages as part of its responses to Plaintiff's third requests; some emails were produced at the April 5, 2021 deposition of Perry Henry, and on June 18, 2021 (after the filing of the

instant motion), Defendant produced another supplement, including emails responsive to Plaintiff's third requests for production. (*Id.* at 3.)  Plaintiff contends Defendant's production of email and text messages still appears incomplete. She reasons Defendant produced text messages from only one day, no emails from the employee, Casey Watkins, were produced despite his testimony that he communicated with others about the incident, and the emails produced by Defendant "abruptly stop" on August 16, 2019. (*Id.* at 3-4.) Plaintiff argues this supports her need for discovery into Defendant's discovery processes.

She also contends Defendant's financial condition should not be bifurcated for a later time, because doing so would only cause unnecessary delay. Plaintiff reasons she has a strong case for punitive damages, and postponing discovery is likely to unnecessarily result in a second Rule 30(b)(6) deposition.

Finally, Plaintiff contends Topic 25 is not overly broad, irrelevant or disproportionate. She argues the topic is "meant to be broad" to encompass Defendant's safety policies concerning all of its operations. (*Id.* at 17-18.)

### B.      Legal Standards

Trial "[c]ourts are given broad discretion to control and place appropriate limits on discovery."[2] And "a magistrate [judge] is afforded broad discretion in the resolution of non-dispositive discovery disputes."[3] Plaintiff's deposition notice implicates two primary

---

[2] *Semsroth v. City of Wichita*, No. 06-2376-KHV-DJW, 2007 WL 2287814, at *1 (D. Kan. Aug. 7, 2007) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990) (discussing whether to stay discovery).

[3] *In re Urethane Antitrust Litig.*, No. 04-1616-JWL, 2014 WL 61799, at *1 (D. Kan. Jan. 8, 2014) (citing *A/R Roofing, L.L. C. v. Certainteed Corp.*, 2006 WL 3479015, at *3 (D. Kan. Nov. 30, 2006) (other internal citations omitted).

rules of federal procedure: Fed. R. Civ. P. 26 outlining the scope of discovery, and Rule 30(b)(6) involving the deposition subpoena to Defendant's corporate representative. Each standard is briefly outlined.

### 1. Fed. R. Civ. P. 26

Rule 26(b)(1) outlines the scope of discovery. This rule permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Relevance at the discovery stage is broad,[4] and does not mean the information obtained would necessarily be admitted at trial. If the party seeking discovery meets its initial, minimal burden to demonstrate its request is relevant on its face,[5] the resisting party cannot rely upon a conclusory statement that the requested discovery is irrelevant.[6] It "must either demonstrate the discovery sought does not come within the broad scope of relevance defined in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm caused by the discovery would outweigh the presumption in favor of broad disclosure."[7]

---

[4] *See Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc*., No. 08-212-KHV, 2008 WL 2309011 at *3 (D. Kan. June 3, 2008).
[5] *Speed Trac*, 2008 WL 2309011, at *2 (citing *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.,* No. 05–2164-MLB-DWB, 2007 WL 2122437, at *4 (D. Kan. July 20, 2007).
[6] *XPO Logistics Freight v. YRC, Inc*., No. 16-MC-224-CM-TJJ, 2016 WL 6996275, at *4 (D. Kan. Nov. 30, 2016) (citing *Speed Trac*, 2008 WL 2309011, at *3).
[7] *Id*.

"Courts should lean towards resolving doubt over relevance in favor of discovery,"[8] and the court has broad discretion over discovery matters and to decide when a protective order is appropriate.[9] "A subpoena that seeks irrelevant, overly broad, or duplicative discovery causes undue burden, and the trial court may quash it on those bases."[10]

Under Rule 26(b)(2)(C), the court must limit discovery if: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(c) allows the court, for good cause, to issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The Court then has broad discretion to utilize such a protective order to specifically define and/or narrow the disclosure or discovery, including the terms, timing, and method of discovery.[11]

---

[8] *Folger v. Medicalodges, Inc.*, No. 13-1203-MLB-KMH, 2013 WL 6244155, at *2 (D. Kan. Dec. 3, 2013) (citing *Jackson v. Coach, Inc.*, No. 07–2128–JTM–DWB, 2008 WL 782635, at *4 (D. Kan. Mar. 20, 2008); *Teichgraeber v. Mem'l Union Corp. of Emporia State Univ.*, 932 F. Supp. 1263, 1266 (D. Kan. 1996)).

[9] *See S.E.C. v. Merrill Scott & Assoc., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery ...") (internal citations omitted); *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010) ("Federal Rule of Civil Procedure 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.") (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[10] *Gilbert v. Rare Moon Media, LLC*, No. 15-mc-217-CM, 2016 WL 141635, at *4 (D. Kan. Jan. 12, 2016) (citing *Heartland Surgical,* 2007 WL 2122437, at *5).

[11] Fed. R. Civ. P. 26(c)(1)(A)-(H).

### 2. Fed. R. Civ. P. 30

Fed. R. Civ. P. 30(b)(6) provides guidelines for the issuance of subpoenas to an organization. "In order for Rule 30(b)(6) to function effectively, 'the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.'"[12] Additionally, even when a party has specifically listed the areas of inquiry sought, a notice is overbroad if the listed areas are not exclusive.[13] Where "the defendant cannot identify the outer limits of the areas of inquiry noticed," compliance is not possible.[14]

### C. Discussion

Each area of dispute is addressed in turn.

#### 1. Temporal Scope of Topics.

The Court finds Plaintiff's arguments regarding punitive damages convincing, regarding Defendant's conduct following the accident on the issue of punitive damages. Such conduct could be probative of the corporations' state of mind at the time of the accident. (*See* ECF No. 110, at 7.[15]) Although Defendant takes issue with the ultimate merits of Plaintiff's punitive damages claim, that issue is not before the Court at this time and information related to Defendant's subsequent conduct meets the minimal standard for relevance at the discovery stage. And, Defendant acquired the Valley Center facility on July 29, 2016. Therefore, the Court finds the five-year period from the date of Defendant's

---

[12] *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146-CM-DJW, 2008 WL 4642618 at *5 (D. Kan. Oct. 16, 2008) (internal citations omitted).
[13] *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).
[14] *Id.*
[15] Citing *Bergeson v. Dilworth*, 959 F.2d 245 (10th Cir. 1992).

9

acquisition (July 29, 2016) to present (July 2021, at the filing of Defendant's motion) appears a reasonable period from which to gather discovery. Such a time frame satisfactorily encompasses both information prior to the March 7, 2019 accident, and Defendant's actions following the incident.

Plaintiff's arguments regarding why information should be gleaned prior to Defendant's acquisition of the facility are unpersuasive. Plaintiff argues it is Defendant's burden to demonstrate why a 10-year time frame is burdensome, but the Court notes it is Plaintiff's own burden to demonstrate relevance of her deposition topics at the outset. Prior to July 29, 2016, Defendant did not maintain business operations at the Valley Center location where the accident happened. On review of the exhibits provided, the Court is not convinced a sawdust bin such as the one where the accident occurred exists at any other of Defendant's facilities. Therefore, the same five-year temporal scope appears appropriate for all topics for which a temporal scope is applicable: Topics 10-15, 22, 26-27, 30-32, 34-36, 38, 40-41, and 46-52. This temporal scope also encompasses the alleged September 9, 2016 violation at Defendant's Stillwell, Oklahoma facility and will thus permit such discussion. Therefore, as to temporal scope, Defendant's motion for protective order is granted in part and denied in part.

### 2.     Discovery on Discovery.

At the outset, the Court has concerns whether the parties properly and thoroughly conferred regarding the sufficiency of Defendant's production of correspondence. The

10

Court could opt to send the parties back to the drawing board on this lack of conferral.[16] However, in an effort to keep this case moving, the Court addresses the dispute on its merits.

Although the parties attempt to parse language in Plaintiff's initial discovery requests, and whether such requests truly focused on "correspondence"—despite Plaintiff's First Request for Production No. 37 using the word "correspondence"—it does appear Defendant did not initially produce email or text correspondence responsive to Plaintiff's initial discovery requests. Whether this was a misunderstanding regarding precisely what Plaintiff was seeking in the long list of documents requested by RFP No. 37, or whether there was another motivation, the method and timing of Defendant's production makes Plaintiff's suspicions appear reasonable. Even so, the broad discovery on discovery encompassed within Plaintiff's proposed deposition topics lacks focus on the two areas on which Plaintiff is fixated: the production of emails and text messages.

As outlined in prior District of Kansas opinions, this type of "process discovery" may be appropriate if Plaintiff provides a specific factual basis for her request and she narrowly tailors her requests to achieve her goals.[17] Here, Plaintiff has convinced the Court

---

[16] *See Banks v. St. Francis Health Center, Inc.*, Case No. 15-CV-2602-JAR-TJJ, 2015 WL 7451174, at *8 (D. Kan. Nov. 23, 2015) (denying a motion to compel the plaintiff's inquiry into defendant's preservation or collection efforts due to a lack of showing that counsel conferred on the reasons why the plaintiff had concerns prompting the need for such discovery, and whether there were alternative means to address the plaintiff's concerns).

[17] *See, e.g.*, *Banks*, 2015 WL 7451174, at *8 (denying the request for meta discovery for lack of conferral regarding the issue, but noting any future such motion must "show[] specific instances and examples from which the Court could reasonably conclude that Defendant did not make reasonable and adequate efforts to preserve or collect relevant information and thereby justify discovery concerning Defendant's preservation and collection efforts . . ."); *see also Radiologix, Inc. v. Radiology & Nuclear Medicine, LLC*, Case No. 15-4927-DDC-KGS, 2018 WL 4851609, *4-5 and n. 24 (D. Kan. Oct. 15, 2018) (citing *Banks*, 2015 WL 7451174; and *Mortg. Resolution*

11

there are reasonable questions regarding Defendant's production of certain emails and texts, but not so many questions as to justify expanding this "meta discovery" to Defendant's entire production and processes.

Therefore, the Court will permit *some* process discovery, but such discovery will be narrowed to Defendant's production of text and email correspondence, and why Defendant's production of emails stops on August 16, 2019. Such narrowing yields the following results:

- Topics 1 & 2: The Court finds these topics overly broad and they are not permitted.

- Topics 3 – 9: These topics are permitted, but as written they currently relate to the process of searching and custody, storage, retrieval, etc. of all responsive documents. These topics must be narrowed to Defendant's production of emails/texts/correspondence.

- Topic 20: The portion of this topic at issue involves "Defendant's answers to written discovery and its initial disclosures, including how the answers were determined and the documents reviewed and persons contacted to provide said answers." This topic appears duplicative of Topics 3-9 in significant part, and are largely permitted, but must be likewise narrowed to Defendant's production of correspondence.

- Topics 58-64: These topics also appear overlapping to those discussed above. Again, Plaintiff really seeks answers to why Defendant did not produce correspondence in response to her first set of document requests, and why email production ends on August 16, 2019. Therefore, these topics must be narrowed in this same fashion.

For these reasons, Defendant's motion is granted in part and denied in part regarding its discovery processes.

---

*Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15CIV0293LTSJCF, 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) (noting these cases required "an adequate factual basis for narrowly tailored meta-discovery").

### 3. Defendant's Financial Condition.

Plaintiff's Rule 30(b)(6) deposition topic 28 seeks information regarding "Defendant's financial condition, including its gross revenue and profit for the previous five years. This topic includes how such figures were calculated." (ECF No. 107-1.) Each party provides supporting authority for its position on whether information regarding Defendant's financial condition should be discovered now or postponed until the propriety of Plaintiff's punitive damages claim is determined by the trier of fact, either through dispositive motion or by a jury. Defendant is clear it intends to pursue a dispositive motion on Plaintiff's punitive damages claim "by the dispositive motion deadline." (ECF No. 107 at 17.) Defendant does not argue if Plaintiff's punitive damages claim survives, such discovery would not be appropriate at that time.

"When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a *prima facie* case on the issue of punitive damages."[18] However, Plaintiff must show her punitive damages claim is not spurious.[19] To do so, Plaintiff must "provide specific factual allegations to support [her] claim for punitive damages."[20]

---

[18] *Pipeline Prods., Inc. v. Madison Companies, LLC*, No. 15-4890-KHV, 2019 WL 1318288, at *3 (D. Kan. Mar. 22, 2019), *order vacated in part on other grounds,* 2019 WL 6358250 (D. Kan. May 15, 2019) (citing, *inter alia*, *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990); *Accountable Health*, 2017 WL 3229071, at *2).
[19] *Id.*, *see also Accountable Health*, 2017 WL 3229071, at *2 (internal citations omitted).
[20] *Accountable Health*, 2017 WL 3229071, at *2 (internal citations omitted).

Plaintiff's Complaint includes specific factual allegations to support her claim of punitive damages. She alleges Defendant knowingly created and maintained a hazardous condition by permitting members of the public to obtain sawdust without monitoring or supervision. (ECF No. 1 at 2.) Her expert report supports her claim that Stephen Gray experienced conscious pain and suffering prior to his death. (ECF No. 110, Ex. 10.) Plaintiff is not required to demonstrate a prima facie case at this juncture, and Defendant's legal arguments regarding the viability of the punitive damages claim is an issue for summary judgment and not for this Court.

Finding Plaintiff's punitive damages claim is not spurious and meets the threshold requirements for discovery of Defendant's financial condition, the burden shifts to Defendant to demonstrate why the requested information should not be produced or should be postponed.[21] Defendant relies on what it claims is "well-established law of this District" to argue for a delay of production.

Although Defendant is correct some opinions of this District have delayed discovery, there is no set rule and as many judges in this District have permitted such discovery.[22] Some cases postponing discovery are due to considerations of business competition, where the "parties are business competitors and disclosure of one party's financial records to the other, even with a protective order, could harm the disclosing

---

[21] *See id.* at *3.
[22] *Pipeline Prods., Inc.*, 2019 WL 1318288 at *5-6, n. 43 (citing *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 950282, at *13 (D. Kan. Mar. 26, 2007) (citing multiple cases in the jurisdiction that have taken a variety of approaches to pretrial discovery of financial records on punitive damages claims).

party."²³ This is of no issue here, as Plaintiff is an individual and there are no concerns with business competition. Furthermore, the discovery in this case is governed by a Protective Order (ECF No. 18), which specifically covers the proprietary or commercial information regarding Defendant's business operations.

As Plaintiff notes, postponing discovery until either a determination on summary judgment or until the jury decides liability creates unnecessarily bifurcated discovery, and likely the need for an additional 30(b)(6) deposition at a late stage of this case. Given Fed. R. Civ. P. 1's imperative to achieve the most efficient conclusion to all litigation, the Court finds such delay and duplicity unnecessary and will permit examination of the corporate representative on this topic.

However, the Court finds the five-year scope contained in Topic 28 overly broad and only Defendant's current financial state is relevant under the scope of discovery. "[M]ultiple cases in this District have limited the scope of discoverable financial information relevant to the issue of punitive damages to the defendant's most recent annual reports and current financial statements."²⁴ For example, in *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, the court limited the production of the defendant's financial condition to the "one-year period prior to the date Defendant produces such information."²⁵

As written, Topic 28 seeks information regarding Defendant's financial condition for the past five years. This topic is permitted but is narrowed to information for the past

---

²³ *Id.* at *5.
²⁴ *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-CV-2494-DDC-TJJ, 2017 WL 3229071, at *4 (D. Kan. July 31, 2017)
²⁵ *Id.*

15

year predating the 30(b)(6) deposition. In this respect, Defendant's motion is granted in part and denied in part.

### 4. Topic 25.

Plaintiff's proposed 30(b)(6) deposition Topic 25 seeks:

> Defendant's beliefs and opinions as to safety rules that govern, should govern, or may govern its operations. This topic is directed to rules that (1) uniformly apply to all of Defendant's facilities; (2) those applicable to all of the facilities in either the West or East region; and (3) those applicable to the involve the Valley Center, KS facility.

(ECF No. 107-1 at 6.) Defendant argues the topic lacks particularity and is overly broad, irrelevant, and disproportionate on its face. Plaintiff contends it is talking about a "small facility that manufactures pallets with approximately 14 employees" and she is not "seeking every bit of information defendant possesses about its operation but is inquiring into the *safety* of its operations." (ECF No. 110 at 18, emphasis in original.) However, at the same time, Plaintiff states the topic is intended to "encompass Defendant's other business operations." The Court remains as confused as Defendant regarding precisely what Plaintiff seeks through this topic.

Plaintiff bears the burden to specify the subject areas on which she intends to question Defendant's representative. If neither the Court nor Defendant can "identify the outer limits of the areas of inquiry noticed," compliance is impossible.[26] Although the Court could strike the topic on this basis, it is within its discretion to appropriately narrow the topic. Defendant's representative must be prepared to testify regarding all safety rules governing its Valley Center operation.

---

[26] *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).

### III.  Conclusion

Therefore, for the reasons set forth above, in the Court's discretion, Defendant's motion to quash and for protective order regarding the deposition of its Rule 30(b)(6) corporate representative (**ECF No. 106**) is **GRANTED IN PART and DENIED IN PART as described herein**. Defendant must prepare its Rule 30(b)(6) corporate representative to testify accordingly, in due course.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 15th day of November, 2021.

s/ Gwynne E. Birzer<br>
GWYNNE E. BIRZER<br>
United States Magistrate Judge