IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RUTH GRAY, Individually and as<br>Personal Representative and<br>Special Administrator of the<br>Estate of Stephen Gray, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 20-1037-TC-GEB |
| CONNER INDUSTRIES, INC., | ) ) | |
| Defendants. | ) ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Defendant Conner Industries, Inc.'s Motion for Protective Order Against Deposition of David Good (**ECF No. 153**). Plaintiff seeks to take an evidentiary deposition of Defendant's former employee, David Good, after the close of discovery. Defendant has moved for a protective order. The Court held oral arguments on April 25, 2022. Having reviewed the briefs of the parties and having heard arguments of counsel, for the reasons set forth below, Defendant's motion is **GRANTED**.

I.    **Background and Relevant Timeline of Events**[1]

The Court set forth the complete background of this case in its Memorandum and Order on Plaintiff's Motion to Strike the Supplemental Report and Errata Sheet of Dr. John

---

[1] Unless otherwise indicated, the information recited is taken from the parties' pleadings (Pl.'s Compl., ECF No. 1; Def.'s Answer, ECF No. 7) and the briefing regarding the instant motion (ECF Nos. 153-155). This background information should not be construed as judicial findings or factual determinations.

McMaster and it will not be repeated here. However, the Court sets forth a brief recitation of the background and timeline of events relevant to this motion.

Plaintiff Ruth Gray, individually and as the personal representative and special administrator of the Estate of Stephen Gray, filed this wrongful death and survival action in February 2020 to seek damages for the death of her husband, Stephen Gray. Jurisdiction is based on the diversity of the parties pursuant to 28 U.S.C. § 1332. Defendant Conner Industries, Inc. operates a wood products manufacturing facility in Valley Center, Kansas. One byproduct of Defendant's operations is sawdust which is stored in a bin outside Defendant's facility. Mr. Gray periodically obtained sawdust from Defendant's Valley Center facility for years. On one such occasion in March 2019, Mr. Gray went to Defendant's facility to load sawdust in his trailer. He died when he became engulfed in the sawdust.

Timeline

- August 24, 2020: Defendant produces documents identifying Defendant's employees, including David Good, working the day of Stephen Gray's death

- December 10, 2021: David Good provides Plaintiff an affidavit regarding the events on the day of Stephen Gray's death

- February 18 2022: deadline for discovery to close per the Court's Pursuant to the Court's November 8, 2021 Order[2]

- March 4, 2022: telephone conference between counsel regarding taking the deposition of David Good after the close of discovery

---

[2] ECF No. 126.

- March 11, 2022: Court holds initial Pretrial Conference, parties advise discovery was not complete; the Court reopened discovery for all purposes until April 8, 2022[3]

## II.    Defendant Conner Industries, Inc.'s Motion for Protective Order Against Deposition of David Good (ECF No. 153)

### A.    Compliance with D. Kan. Rule 37.2

Pursuant to D. Kan. Rule 37.2, this Court "will not entertain any motion to resolve a discovery dispute" unless counsel have "conferred or has made reasonable effort to confer with opposing counsel" before filing a motion. Based on a review of the parties' March 4, 2022 telephone conference and considering the parties' April 13, 2022 telephone conference with the Court, the Court finds the parties have sufficiently complied with D. Kan. R. 37.2.

### B.    Discussion

Defendant objects to Plaintiff taking the evidentiary deposition of David Good, after the close of discovery and seeks a protective order preventing the deposition from proceeding. "Whether to enter a protective order is within the sound discretion of the court."[4]

#### i.    Discovery v. Evidentiary or Trial Depositions

Plaintiff seeks to take the "evidentiary" or "trial" deposition of David Good, who when Plaintiff last had contact with the deponent lived in Missouri, after the close of

---

[3] ECF No. 146.
[4] *Wheeler v. Numark Indus. Co., Inc.*, No. 02-2444-CM, 2006 WL 2397531, at *2 (D. Kan. Aug. 9 2006).

discovery. Plaintiff relies on older caselaw which recognized a distinction between a discovery deposition and a trial deposition. But this argument contradicts D. Kan. R. 30.3 which provides "[t]he deposition of a material witness not subject to subpoena should ordinarily be taken during the discovery period" as well as recent authority in this District which has found the Federal Rules do not recognize such a distinction.[5]

D. Kan. R. 30.3 provides an exception which allows the deposition of a material witness to be taken at any time prior to trial. The exception applies to a material witness who agrees to appear at trial, but later becomes unable or refuses to attend. Here, Plaintiff has alleged that Mr. Good previously agreed to appear at trial, she has not alleged Mr. Good now is unable or refuses to attend. During oral argument, counsel only alleges he is unable to "find" Mr. Good. The exception therefore does not apply.

### ii.     Good Cause to Amend Scheduling Order

Where the Federal and Local Rules do not recognize a distinction between a discovery and an evidentiary deposition and Plaintiff has not made the required showing for the exception in D. Kan. R. 30.3 to apply, the Court turns to Plaintiff's request to amend the scheduling order deadline to close discovery. A scheduling order "may be modified only for good cause and with the judge's consent."[6] To establish good cause, the party

---

[5] *In re EpiPen,* No. 17-md-2785-DDC, 2012 WL 2822535, at * 7 (D. Kan. July 7, 2021); *Watchous Enters., L.L.C. v. Pacific Nat'l Cap.*, No. 16-1432-JTM, 2019 WL 1569344, at *2 (D. Kan. April 11, 2019); *Sithon Mar. Co. v. Holiday Mansion*, No. 96-2262-KHV, 1999 WL 66216, at *1 (D. Kan. Feb. 8, 1999); *Clay v. Bd. of Trs. of Neosho Cty. Cmty. Coll.,* No. 94-2282-EEO, 1995 WL 646817, at *1 (D. Kan. Sept. 26, 1995).
[6] Fed. R. Civ. P. 16(b)(4).

seeking the extension must show the deadline "could not have been met with diligence."[7] The Court is "afforded broad discretion in managing the pretrial schedule."[8]

Plaintiff has not shown she could not have met the deadline to take the deposition of Mr. Good before the close of discovery with the exercise of diligence. Defendant produced documents showing David Good was working the day Mr. Gray died and was thus potentially a material witness as far back as August 24, 2020, over a year before the discovery deadline of February 18, 2022. The Court, after the issue of taking Mr. Good's deposition arose, at the initial Pretrial Conference reopened discovery for approximately 30 additional days. At no point during this time did Plaintiff file a notice to take Mr. Good's deposition.

Plaintiff alleges her counsel reached an agreement with Defendant's counsel that Defendant would not object to taking Mr. Good's evidentiary deposition after the close of discovery and relied on that agreement in waiting to notice Mr. Good for deposition. Defendant's counsel alleges he made no such agreement. The Court has listened to the recording of counsel's March 4, 2022 telephone call and reviewed the transcript of the excerpt from the call provided. The Court believes counsel did not reach a meeting of the minds, each leaving the discussion with a different impression. Plaintiff additionally alleges it attempted to schedule the deposition for April 5, 2022, while discovery was still

---

[7] *Watchous Enters., L.L.C. v. Pacific Nat'l Cap.* No. 16-1432, 2019 WL 2073940, at *2 (D. Kan. May 10, 2019) (quoting *Parker v. Cent. Kan. Med. Ctr.,* 178 F. Supp. 2d 1205, 1210 (D. Kan. 2011), *aff'd* 57 F. App'x 401 (10th Cir. 2003)).

[8] *Watchous Enters., L.L.C.,* 2019 WL 2073940, at *2 (quoting *Rimbert v. Eli Lilly & Co.,* 647 F.3d 1247, 1254 (10th Cir. 2011)).

open. The parties apparently disagreed regarding whether the Court had opened discovery for all purposes or just for the limited purpose of dealing with expert discovery. The Court has reviewed its March 11, 2022 order (ECF No. 146) setting the April 8, 2022 deadline for the close of discovery, as well as a deadline for Plaintiff to disclose any rebuttal expert. It has also listened to the recording of the March 11, 2022 conference with counsel. The Court extended the deadline for all discovery. But, if the parties had a question about whether there was any limitation of the discovery to be allowed, they could have contacted to Court for clarification. They did not.

Plaintiff cites Judge Mitchell's second opinion in *Watchous Enterprises*[9] arguing "total inflexibility [in amending a scheduling order] is undesirable" because scheduling orders "can have an 'outcome-determinative effect on the case.'" The Court agrees, but the facts here are distinguishable from those in *Watchous*. There, the defendants had not served responsive documents until just two weeks before the discovery deadline and it was not realistic for the plaintiff to review the documents, coordinate with nonparty witnesses and the defendants, and take seven depositions in the two weeks before the close of discovery. Here, there is only Mr. Good to be deposed and there remained two months before discovery closed in February 2022 at the time Mr. Good provided Plaintiff with an affidavit. And Mr. Good was identified as a potential material witness back in August 2020.

Additionally, the Court does not believe Plaintiff is necessarily foreclosed for obtaining Mr. Good's testimony for trial with its ruling. Defendant has indicated Mr. Good

---

[9] 2019 WL 2073940, at *2

has moved back to Kansas. If so, Mr. Good will be within the subpoena power of the court to compel his appearance for trial. If not, Mr. Good has been cooperative in providing Plaintiff with an affidavit and may be willing to voluntarily appear for trial. If Mr. Good agrees to appear for trial, but later changes his mind, then the exception to D. Kan. R. 30.3 will apply and Plaintiff's request to depose Mr. Good prior to trial could be properly considered. If such a situation arises, it is the Court's expectation, that Defendant will cooperate with setting such a deposition. The Court finds Plaintiff has not established good cause to amend the Scheduling Order to extend the discovery deadline to take the deposition of David Good.

### III.    Conclusion

Therefore, for the reasons set forth above, Defendant Conner Industries, Inc.'s Motion for Protective Order Against Deposition of David Good (**ECF No. 153**) is **GRANTED as described herein**.

**IT IS SO ORDERED.**

Dated April 25, 2022.

> s/ Gwynne E. Birzer
> GWYNNE E. BIRZER
> United States Magistrate Judge